IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:12CV156-RLV
(5:08-cr-28-RLV-DSC-5)

| | |
|---|---|
| TRACY BERNARD REDFEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court grants the motion and Orders a resentencing hearing for Petitioner.

1. **BACKGROUND**

Petitioner Redfear was indicted on July 22, 2008, and charged with conspiracy to possess with intent to distribute powder and crack cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. A week later, the Government filed a notice pursuant to 21 U.S.C. § 851, notifying the Court and Petitioner that it intended to seek enhanced penalties based on Petitioner's prior convictions for felony drug offenses. On September 2, 2009, Petitioner pleaded guilty to the conspiracy offense and stipulated that he was responsible for at least fifty and less than 150 grams of crack. Pursuant to the plea agreement, the Government withdrew all but one enhancement, and at the time the plea agreement was formed, the enhancement subjected Defendant to a mandatory statutory minimum sentence of 240 months.

During Petitioner's sentencing hearing on October 6, 2010, the Court granted the

1

Government's Motion for Downward Departure, filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The Court imposed a sentence of 92 months' imprisonment, which was 38% of this 240-month mandatory statutory minimum. Applying the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, to Petitioner's circumstances, in light of the enhancement, Defendant would face a mandatory minimum sentence of 120 months. See 21 U.S.C. § 841(a)(1)(B). On June 21, 2012, the Supreme Court issued Dorsey v. United States, 132 S. Ct. 2321 (2012), holding that the FSA's lower mandatory minimum penalties apply to those offenders whose crimes preceded the effective date of the Act but who were sentenced after that date.

On February 16, 2012, Petitioner filed a motion through counsel to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Amendment 750 to the United States Sentencing Guidelines applicable to crack cocaine offenses. Following the Government's response in opposition, this Court denied Petitioner's motion on April 24, 2012. On July 3, 2012, the probation office issued a Revised Supplemental Presentence Report following the Dorsey decision, stating that Petitioner is eligible for a reduction in his sentence to time served.

On September 10, 2012, the Government filed a Response to the Revised Supplemental Presentence Report. In the Response, the Government acknowledged that, pursuant to Dorsey, this Court at sentencing should have applied the ten-year mandatory minimum set forth in the FSA, but the Government stated that the appropriate vehicle for a reduction in sentence was through a § 2255 motion to vacate. See (Doc. 203 at 3). On September 10, 2012, Petitioner filed his own Response to the Revised Supplemental Presentence Report, in which he contends that he is eligible to a revised sentence of 46 months as calculated in the Revised Supplemental Presentence Report.

On October 15, 2012, this Court entered a sua sponte Order, concluding that if Petitioner were to file a motion to vacate, the Court would be inclined to grant such motion and re-sentence Petitioner to a term of 46 months' imprisonment. (Doc. No. 211).

On October 15, 2012, Petitioner filed the pending § 2255 motion to vacate.

## II. DISCUSSION

As noted, in response to Petitioner's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), the Government acknowledged that, pursuant to Dorsey, this Court at sentencing should have applied the ten-year mandatory minimum set forth in the FSA. See (Doc. 203 at 3). Given this concession by the Government, the Court therefore grants Petitioner's Motion to Vacate and the Court will set this matter on the calendar for resentencing.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's Section 2255 Motion to Vacate. The Clerk shall set this matter on the Court's calendar for resentencing.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**.
2. The Clerk is instructed to place this matter on the calendar for resentencing of Petitioner.
3. The Clerk is instructed to terminate this action.

Signed: April 4, 2013

Richard L. Voorhees
United States District Judge